J-A13004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TRUSTS UNDER WILL OF ROBERT L. MONTGOMERY, JR. DECEASED  FOR THE BENEFIT OF H.BEATTY CHADWICK (TRUST NO. 6) AND MARITAL TRUST UNDER WILL OF  ROBERT L. MONTGOMERY, JR., DECEASED, FOR THE BENEFIT OF ELIZABETH B. MONTGOMERY  AS APPOINTED BY THE WILL OF ELIZABETH B. MONTGOMERY, DECEASED FOR THE BENEFIT OF H. BEATTY CHADWICK (TRUST NO. 7) | : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br>No. 3007 EDA 2019 |
| APPEAL OF: H. BEATTY CHADWICK | : | |

Appeal from the Order Entered September 30, 2019
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s):  No. 1977-X0448

BEFORE:  BENDER, P.J.E., LAZARUS, J., and DUBOW, J.

CONCURRING STATEMENT BY LAZARUS, J.:          Filed: August 13, 2020

I fully concur with the decision to affirm the adjudication of the Orphans' Court.  I write separately simply to emphasize that the court will not find a violation of fiduciary duty where a trustee has a reasonable plan for investment of trust assets that:  (1) is consistent with the terms of the trust; (2) favors neither income nor residual beneficiaries; and (3) is supported by a valid investment strategy.

Here, Appellant is the lifetime beneficiary of two trusts that, upon his death, are distributable to numerous charities.  As trustee, PNC owes certain duties to Appellant and the named charities, primary among them being "the

preservation of the assets of the trust and the safety of the trust principal." ***Estate of Pew***, 655 A.2d 521, 542 (Pa. Super. 1994). A trustee must "invest and manage property held in a trust as a prudent investor would, by considering the purposes, terms[,] and other circumstances of the trust and by pursuing an overall investment strategy reasonably suited to the trust." 20 Pa.C.S.A. § 7203(a). Where, as here, there are two or more beneficiaries to a trust, "the trustee shall act impartially in investing, managing and distributing the trust property, giving due regard to the beneficiaries' respective interests in light of the purposes of the trust." 20 Pa.C.S.A. § 7773. However, "[t]he duty to act impartially does not mean that the trustee must treat the beneficiaries equally. Rather, the trustee must treat the beneficiaries equitably in light of the purposes of the trust." ***Id.***

When evaluating whether a trustee has violated the duty to act as a prudent investor would, courts are instructed to focus on "standards of conduct and not [on] outcome or performance." 20 Pa.C.S.A. § 7213. "In a surcharge action, the propriety of a trustee's investment is judged as it appeared at the time of investment and not in light of subsequent changes." ***In re Estate of Warden***, 2 A.3d 565, 578 (Pa. Super. 2010) (citation omitted). "One who seeks to surcharge the trustee for breach of [duty] must bear the burden of proving the particulars of the trustee's wrongful conduct." ***Estate of Pew***, ***supra*** at 543.

As he has attempted to do before without success, ***see In re Trusts Under the Will of Robert Montgomery***, 161 A.3d 392 (Pa. Super. 2017)

(Table) (claiming, *inter alia*, violation by PNC and then-co-trustee of "duty to produce reasonable income to accomplish the purposes of the trusts"), Appellant sought a surcharge against PNC for failing to manage the trust in such a way as to generate more income for his benefit.  However, testimony at the hearing on Appellant's objections demonstrated that:  (1) the asset allocation of 65% equities and 35% fixed income was designed to "manage the trusts in a balanced and impartial way" to "meet the needs of the income beneficiary as well as grow the principal relative to inflation and hopefully in excess of inflation for the remainder interest," N.T. Hearing, 2/26/19, at 13; (2) the current asset allocation assures principal growth that benefits not only the remaindermen, but also the income beneficiary, as a larger principal generates higher income from dividends, ***see id.*** at 49-50; and (3) an allocation of all trust assets to fixed income would result in a "dramatic" decrease in principal growth, while "not . . . gaining that much in the way of income." ***Id.*** at 89-91.

Appellant failed to demonstrate any "wrongful conduct" on the part of PNC.  ***Estate of Pew***, ***supra***.  Rather, the evidence demonstrated that PNC acted reasonably and impartially by allocating trust assets in a manner that grows the principal while providing a stable income for Appellant.  Accordingly, the court properly denied Appellant's objections.

President Judge Emeritus Bender and Judge Dubow join this concurring statement.